IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DAVID CHAMBERLAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CV 04-6322-JE |
| v. | ) | |
| | ) | FINDINGS AND |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

KATHRYN TASSINARI
BRENT WELLS
Cram, Harder, Wells & Baron
474 Willamette, Suite 200
Eugene OR 97401

    Attorneys for Plaintiff

KARIN IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant U.S. Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

DAVID M. BLUME
Office of General Counsel
LUCILLE G. MEIS
Regional Chief Counsel, Region X
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington   98104-7075

   Attorneys for Defendant

JELDERKS, Magistrate Judge:

## INTRODUCTION

Plaintiff (Chamberlain) brings this action for judicial review of a final decision of the Commissioner of Social Security denying his concurrent applications for disability insurance benefits and supplemental security income payments under Titles II and XVI of the Social Security Act. The court has jurisdiction under 42 USC §§ 405(g) and 1383(c)(3). The Commissioner's decision should be reversed and remanded for an award of benefits and further administrative proceedings.

## BACKGROUND

Chamberlain was 35 years old when he filed his applications and 37 on the date of the Commissioner's final decision. He has a college education and worked in the past with computer systems as an analyst, instructor, support person and manager.

Chamberlain alleges disability due to sleep apnea, idiopathic hypersomnia, general anxiety disorder, panic disorder and major depressive disorder. These conditions began to interfere with Chamberlain's ability to work in about April 2001. He attempted to alleviate his symptoms by working reduced hours and from home, but continued to experience constant panic attacks and an inability to concentrate on simple tasks. He stopped working on about January 3, 2002.

Chamberlain alleges he cannot work because his condition leaves him "very tired during the day" and unable "to be around people, make or receive telephone calls, concentrate on any tasks or at times even leave the house." Tr. 67, 74.[1]

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 USC §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 US 137, 140 (1987); 20 CFR §§ 404.1520, 416.920. Chamberlain alleges that the ALJ erred in step five of this process.

For the purposes of step five, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by his impairments. 20 CFR §§ 404.1520(e), 404.1545, 416.920(e), 416.945; Social Security Ruling (SSR) 96-8p.

If the adjudication reaches step five, the Commissioner must determine whether the claimant retains the RFC to perform work that exists in the national economy. *Yuckert*, 482 US at 141-42; 20 CFR §§ 404.1520(e), (f), 416.920(e), (f). Here the burden shifts to the Commissioner to show

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer (docket # 8).

that a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 US at 141-42; *Tackett v. Apfel*, 180 F3d 1094, 1098 (9th Cir 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 CFR §§ 404.1566, 416.966.

## THE ALJ's FINDINGS

The ALJ found that Chamberlain had medically determinable impairments, including a history of anxiety and panic, social anxiety, a history of depression, obesity, sleep apnea, idiopathic hypersomnia and hypertension. He found that Chamberlain's psychological condition imposed significant work related limitations and that his sleep disorders, hypertension and other medically determinable impairments did not.

The ALJ assessed Chamberlain's RFC as follows:

> From January 3, 2002, until early 2003, and beginning again April 2, 2004, the claimant has had marked limitations interacting appropriately with the others and working with others as part of a team. For the period from early 2003, until April 2, 2004, the claimant had moderate limitations interacting appropriately with the public and working with others as part of a team.

Tr. 25.

At step five, the ALJ found that Chamberlain retained the RFC to perform work that exists in the national economy. He identified examples of such work drawn from the testimony of the vocational expert (VE). For the period during which Chamberlain had moderate limitations from early 2003 until April 2, 2004, the ALJ found he was capable of working as a sweeper/cleaner in a closed plant or building, bench assembler and computer-controlled photo printer operator. For the remaining period during which Chamberlain had more severe impairment, the ALJ found that he remained capable of working as a sweeper/cleaner and bench assembler. Tr. 25.

The ALJ concluded that Chamberlain had failed to show that he suffered from a disability within the meaning of the Act and denied Chamberlain's applications.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 USC § 405(g); *Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* If substantial evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F3d 1152, 1156 (9th Cir 2001). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F3d at 1039-40.

## DISCUSSION

Chamberlain contends the ALJ failed accurately to assess his RFC because he improperly discredited Chamberlain's testimony and failed to credit the medical source statement of a treating psychologist, Paula Rohrbaugh, PhD. Chamberlain argues that these errors led the ALJ to erroneously conclude that he can perform work in the national economy.

### I. RFC Assessment

#### A. Credibility Determination

Chamberlain testified that he has experienced anxiety in social situations throughout his life. This caused him to avoid social events and unfamiliar places, but left him comfortable at home and with co-workers.

He began to have heightened anxiety and panic attacks during a stressful business trip to Singapore in April 2001. After returning from the trip, Chamberlain continued to have constant general anxiety and panic attacks that occurred at least daily. His anxiety became so severe that he had extreme difficulty leaving his house. He had panic attacks when he arrived at work and had to leave soon after. Chamberlain became a part-time hourly employee, and tried working from home on his computer, but his symptoms continued and he stopped working in about January 2002.

Two months after he stopped working, Chamberlain began living with his father. In December 2002, he began therapy with Dr. Rohrbaugh. While unemployed, living with his father and receiving therapy and medication, Chamberlain felt less panicky and had little or no depression. He contacted a vocational rehabilitation agency and began working on the requirements to become a truck driver. The agency required that he obtain a "pre-hire" employer before they would pay for the school. Tr. 384.

During 2003, Chamberlain experienced a recurrence of depression and anxiety related to his search for employment and the prospect of driving around the country by himself. This was exacerbated when he reconciled briefly with his girlfriend only to break-up again.

Chamberlain lives with his father. He has difficulty going to public places unless he is accompanied by someone he knows. He spends a lot of time watching television and using the Internet on his home computer. He has not tried to work for these reasons: "I have a very difficult time concentrating on anything for a long period of time . . my attention span seems to be really short and I get frustrated really easily when I'm trying to problem solve." Tr. 390. His inability to concentrate makes it difficult for him to meet deadlines. In turn, deadlines and schedules exacerbate

his anxiety. Activities such as meeting with customers or employers or going to job interviews are very difficult for Chamberlain.

The ALJ may discredit a claimant's testimony regarding the severity of symptoms by providing clear and convincing reasons for doing so. *Dodrill v. Shalala*, 12 F3d 915, 918 (9th Cir 1993). The ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F3d at 917-18; *Lester v. Chater*, 81 F3d 821, 834 (9th Cir 1995); *Reddick v. Chater*, 157 F3d 715, 722 (9th Cir 1998).

The ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. *Smolen v. Chater*, 80 F3d 1273, 1284 (9th Cir 1996). The ALJ may also consider the claimant's daily activities, work record and the observations of physicians and third parties in a position to have personal knowledge about the claimant's functional limitations. *Id.* In addition, the ALJ may employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms and other statements by the claimant that appear to be less than candid. *Id. See also* SSR 96-7p.

The ALJ concluded that Chamberlain was "credible to the extent that the objective evidence supports his allegations." Tr. 22. He did not state which testimony was credible and which was not. The court can presume that the ALJ did not credit Chamberlain's testimony that he has fatigue and limited abilities to concentrate, focus attention and work at a pace sufficient to meet deadlines because these statements are not reflected in the RFC assessment. The ALJ did not state any reason for rejecting this testimony or identify specific evidence suggesting that it was not credible.

The ALJ failed to demonstrate that he considered appropriate factors and to articulate reasons supported by substantial evidence in the record. Accordingly, the ALJ's credibility determination cannot be sustained.

B.  **Dr. Rohrbaugh's Medical Source Statement**

Dr. Rohrbaugh began providing psychotherapy to Chamberlain on December 11, 2002. She diagnosed severe social anxiety and recurrent severe major depression. She believed Chamberalain's anxiety had handicapped him for years, but had become totally disabling at about the time he stopped working. At that time, he experienced excessive and inappropriate fear, considerable avoidance, and panic attacks when avoidance was not possible. She opined that Chamberlain became incapable of functioning in his job and unable to tolerate performance situations. He also experienced significant depression symptoms including considerable difficulties thinking and concentrating. Tr. 309.

In February 2003, Dr. Rohrbaugh reported to the state disability determination agency that Chamberlain had worked hard to learn and apply therapeutic concepts and had experienced considerable improvement. She hoped that with continued psychotherapy he would be able to achieve full employability within three to six months and ultimately function at levels greater than he had ever experienced. Tr. 310. She concluded as follows:

> In sum, it is clear that Mr. Chamberlain was indeed totally disabled by his Anxiety Disorder and Major Depression from toward the end of his employment to the present time. It appears very likely that he will be able to recover sufficiently to resume full employment within the next few months, assuming his continuation of treatment and continued progress at the present rate.

*Id.*

On April 12, 2003, Dr. Rohrbaugh opined that Chamberlain had recovered enough to attempt to reenter the world of work. Tr. 307. In July 2003, she wrote a letter to the state vocational rehabilitation agency indicating that Chamberlain had continued to improve. She noted Chamberlain's hard work and active involvement in obtaining vocational training. Tr. 304.

On April 10, 2004, Dr. Rohrbaugh reported that Chamberlain had experienced "an almost total relapse" and had dropped out of treatment for several weeks before returning. Tr. 300. She concluded as follows:

> There is no question that Mr. Chamberlain's emotional problems have led to a complete disability. It remains my hope that with continued therapy . . . he will be able to improve significantly and again be able to return to employment of some sort.

*Id.*

Generally, a treating physician's opinion is afforded the greatest weight in disability cases because the treating physician is employed to cure and has the best opportunity to know and observe the patient as an individual. *Ramirez v. Shalala*, 8 F3d 1449, 1453 (9th Cir 1993). A treating physician's opinion is controlling when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent" with other evidence of record. 20 CFR §§ 404.1527(d)(2); 416.927(d)(2).

The ALJ can reject a treating physician's opinion that is not contradicted by another physician only for clear and convincing reasons. *Thomas v. Barnhart*, 278 F3d 947, 956-57 (9th Cir 2002). The ALJ can reject the treating physician's opinion in favor of the conflicting opinion of another treating or examining physician, if the ALJ makes "findings setting forth specific, legitimate

reasons for doing so that are based on substantial evidence in the record." *Id* at 957 quoting *Magallanes v. Bowen*, 881 F2d 747, 751 (9th Cir 1989).

The ALJ did not identify conflicting opinions of other physicians or any specific evidence contradicting Dr. Rohrbaugh's disability opinion. He failed to provide clear and convincing reasons to reject Dr. Rohrbaugh's opinion or make findings setting forth specific, legitimate reasons for doing so. Accordingly, his evaluation of Dr. Rohrbaugh's opinion cannot be sustained.

## II. Remand

The ALJ's credibility determination and rejection of Dr. Rohrbaugh's opinion must be reversed and this matter must be remanded to the Commissioner. The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F3d 1172, 1178 (9th Cir), *cert denied*, 531 US 1038 (2000). The issue turns on the utility of further proceedings.

A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F2d 759, 763 (9th Cir 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F3d at 1178 quoting *Smolen v. Chater*, 80 F3d

at 1292. The third prong of this test is actually a subpart of the second. *See Harman*, 211 F3d at 1178 n 7.

Chamberlain argues that the improperly rejected evidence, if credited as true, would resolve all issues and require the ALJ to find him disabled based on the testimony of the VE. The VE testified that a person who was not able to reliably appear at work on time or complete tasks in a timely manner or who would be absent from work more than two days a month would not be able to work in competitive employment. Tr. 401.

The ALJ's erroneous credibility determination does not compel an immediate award of benefits. Giving full credit to Chamberlain's testimony would not resolve all issues necessary to make a determination that he is disabled. He described difficulty with deadlines and avoidance behavior at his past work, but did not establish that he was unable to appear at work or complete tasks in a timely manner in all work situations. His testimony did not establish that he would be absent from work more than two days a month. The ALJ would need to elicit vocational testimony based on the functional limitations Chamberlain described before he could properly conclude that those limitations prevent Chamberlain from performing all work.

However, Dr. Rohrbaugh's opinion, if credited as true, resolves all questions necessary to find that Chamberlain was disabled for a closed period. Dr. Rohrbaugh opined that Chamberlain became disabled toward the end of his employment and that he improved sufficiently to re-enter the workforce by April 12, 2003. She opined that Chamberlain's anxiety symptoms were so severe during this period that he was completely unable to work. Giving her opinion due force establishes that Chamberlain was disabled for a closed period beginning with his alleged onset of disability on January 3, 2002, and ending on about April 12, 2003. Further proceedings on Chamberlain's claim

11 - FINDINGS AND RECOMMENDATION

for a closed period of disability benefits would serve no useful purpose, because crediting Dr. Rohrbaugh's opinion would require the ALJ to find him disabled. Accordingly, a remand for an immediate award of benefits on Chamberlain's claim for a closed period of disability is appropriate. *Harman v. Apfel*, 211 F3d at 1178.

Dr. Rohrbaugh's opinion does not compel an award of benefits on Chamberlain's claim of ongoing disability. Dr. Rohrbaugh opined that Chamberlain suffered a relapse, but did not indicate the date this occurred. It is not clear that she believed Chamberlain was totally disabled from performing all work following the relapse. She did not make findings regarding specific functional limitations or compliance with and effect of treatment after the relapse. Therefore, even if Dr. Rohrbaugh's opinion were credited, outstanding issues would have to be resolved before it could be determined whether and for how long Chamberlain was disabled following his relapse. Accordingly, an immediate award of benefits on Chamberlain's claim of ongoing disability would not be appropriate. *Harman v. Apfel*, 211 F3d at 1178.

## **RECOMMENDATION**

This matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 USC § 405(g), with instructions to (1) calculate and award benefits for a closed period of disability from January 3, 2002, to April 12, 2003; (2) reassess Chamberlain's residual functional capacity based on a proper credibility determination and evaluation of Dr. Rohrbaugh's medical source statement; and (3) conduct such additional administrative proceedings as necessary and appropriate to resolve Chamberlains claims of ongoing disability.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due October 24, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 6th day of October, 2005.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge