UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

David Chamberlain,

Plaintiff,

v.

Commissioner Social Security Administration,

Defendant.

No. CV04-6322-JE

OPINION AND ORDER ADOPTING MAGISTRATE'S FINDINGS WITH MODIFICATION

**MOSMAN, J.,**

On October 7, 2005, Judge Jelderks issued Findings and Recommendation (#15) reversing and remanding to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with instructions to (1) calculate and award benefits for a closed period of disability from January 3, 2002, to April 12, 2003; (2) reassess Mr. Chamberlain's residual functional capacity ("RFC") based on a proper credibility determination and evaluation of Dr. Rohrbaugh's medical source statement; and (3) conduct such additional administrative proceedings as necessary and appropriate to resolve Mr. Chamberlain's claims of ongoing disability. No objections were filed.

After *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), the court agrees with the second and third instructions recommended by Judge Jelderks. As to the first instruction, the court finds this is not a case upon which a remand for an immediate award of benefits for the closed period is appropriate. The court should credit improperly discredited evidence and remand for an immediate award of benefits where "(1) the ALJ has failed to

PAGE 1 - OPINION AND ORDER

provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Of these three criteria, only the first is satisfied because the ALJ failed to provide legally sufficient reasons for rejecting the medical opinions of Dr. Rohrbaugh. Even crediting such opinions as true, however, there remain unresolved issues going to whether Mr. Chamberlain is disabled.

Here, the ALJ's hypothetical questions to the vocational expert ("VE") included moderate and marked limitations in working with the public or others as part of a team, as well as moderate limitations following detailed instructions and maintaining attention and concentration for extended periods. Tr. 409. The VE testified that such an individual could perform the simple, solitary, and routine tasks of sweeper/cleaner for all the relevant time periods. Absent from the hypothetical questions were Dr. Rohrbaugh's description of symptoms experienced by Mr. Chamberlain from January 3, 2002 to April 12, 2003, including severe panic attacks, avoidance of performance situations, and considerable difficulties in thinking and concentrating. Tr. 309. There was no testimony from the VE that the limitations found by Dr. Rohrbaugh, or Mr. Chamberlain's discredited accounts of his own fatigue and difficulty leaving his home, would render Mr. Chamberlain "completely unable to work" in any job in the national economy. Where the VE's testimony fails to address a claimant's limitations as established by improperly discredited evidence, remand for further proceedings is the appropriate remedy. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).

The case is reversed and remanded to the Commissioner with instructions to (1) reassess

PAGE 2 - OPINION AND ORDER

Mr. Chamberlain's RFC based on a proper credibility determination and evaluation of Dr. Rohrbaugh's medical opinion, and (2) conduct such additional administrative proceedings as necessary to resolve Mr. Chamberlain's claim of disability for all relevant periods, starting with the alleged onset date of January 3, 2002.

DATED this 21st day of December, 2005.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Court